UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA BROWN,

      Plaintiff,

vs                                                        Case No: 06-13693
                                                        Honorable Victoria A.  Roberts

FARMERS INSURANCE COMPANY

      Defendant,

_____/

## OPINION AND ORDER

### I.     INTRODUCTION

This matter is before the Court on Defendant Farmers Insurance Co.'s Motion to Dismiss.  For the following reasons, the Court **GRANTS** Defendant's Motion.

### II.     BACKGROUND

This case arises out of a fire that occurred at Plaintiff Katrina Brown's ("Plaintiff") home, 25625 Southfield Road in Southfield, MI, 48075.  Defendant Fire Insurance Exchange ("Defendant") insured the home.  Plaintiff filed a fire loss claim for $328,836.07.  Defendant made an initial payment of approximately $122,458.78.  From this payment, Plaintiff paid $13,553.17 to Insured Claims Co. and $6,300 in attorney fees.  The parties dispute the remaining amount owed.

According to Defendant, Duncan Szymanski, the attorney for Insured Claims Co., and a court-appointed appraiser, Umpire-Appraiser, claim one-third of the remaining settlement proceeds.  Syzmanski, among others, filed suit in Wayne County Circuit Court seeking payment from the remainder.  *See* Duncan Szymanski, et al v. Katrina

Brown, Case No. 06-608668-CK.   In conjunction with the state court case, Defendant filed an interpleader action.

Plaintiff then filed suit against Farmer's Insurance Company for breach of contract for fire loss insurance coverage.  Defendant's proper name, however, is Fire Insurance Exchange.  Plaintiff argues that Defendant should pay the remaining proceeds to her.  Plaintiff also seeks declaratory judgment pursuant to 28 U.S.C. § 2201 to resolve all claims pertaining to the insurance proceeds.  In response, Defendant seeks dismissal for lack of subject matter jurisdiction and failure to join indispensable parties.

### III.   APPLICABLE LAW AND ANALYSIS

### A.   Standard of Review

Defendant's Motion is pursuant to Rule 12(h) of the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 12(b)(1) pertains as well.

Defendant alleges that this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332.

When subject matter jurisdiction is challenged, the plaintiff must prove it by a preponderance of the evidence.  *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000).

The pleadings of a *pro se* plaintiff are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A rule 12(b)(1) motion can be based on a "facial" attack or a "factual" attack upon the complaint.  *Singleton v. United States,* 277 F.3d 864, 869 (6th Cir.2002).  In a "facial

2

2:06-cv-13693-VAR-DAS   Doc # 27   Filed 02/13/07   Pg 3 of 7   Pg ID 389

attack," the court accepts the complaint's allegations as true and construes them in the light most favorable to the non-moving party. *United States v. A.D. Roe Co., Inc.* 186 F.3d 717, 721-22 (6th Cir.1999)(citing *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994)). If the attack is factual, however, the court may weigh evidence and resolve factual disputes. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)("When facts presented to the district court give rise to a factual controversy, the district court must . . . weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist.")

Because this is a facial attack on Plaintiff's complaint, the Court accepts Plaintiff's allegations as true.

**B.    The Court Lacks Subject Matter Jurisdiction Based on Diversity**

Defendant argues that this Court lacks subject matter jurisdiction for two reasons: (1) no diversity of citizenship; and (2) the amount of controversy is less than the $75,000 minimum required by 28 U.S.C. § 1332.

Federal diversity jurisdiction requires that all parties to the action be "citizens of different states." 28 U.S.C. § 1332(a). Plaintiff is a citizen of Michigan. Defendant is a reciprocal or inter-insurance exchange incorporated in California, authorized to engage in insurance business in Michigan, with its principal place of business in California. A reciprocal insurance exchange . . . is an unincorporated business organization of a special character in which the participants, called subscribers (or underwriters) are both insurers and insureds." *Adolph Coors Co., et al v. Truck Insurance Exchange*, No. 04-2150, 2005 U.S. Dist. Lexis 3588, *2, n.1 (D.D.C. February 28, 2005) *citing Industrial Indemnity Co. v. Golden State Co.*, 256 P.2d 677.  680 (Cal. Dist. Court. App. 1953).

3

Defendant asserts that this suit is a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1) because it is a suit against an insurer for benefits, and thus, the insurer is deemed a citizen of the State of which the insured is a citizen, i.e., Michigan. Therefore, both Plaintiff and Defendant are citizens of Michigan and no diversity exists.

Defendant cites *Ford Motor Co. v. Ins. Co. of North America*, 669 F.2d. 421 (6th Cir. 1982). Defendant, however, fails to note that Ford Motor Co. involved a third-party action in which an insurance company was being sued for no-fault insurance benefits but the insured was not a party. *See Ford Motor Co. v. Ins. Co. of North America*, 669 F.2d. 421 (6th Cir. 1982).

Moreover, The Sixth Circuit held that "applying the direct action provision to a dispute solely between an insured and her own insurance company would result in absurdity -- federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state." *Lee Lipstreu v. Chubb Group Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003). Thus, when a plaintiff sues her own insurance company for benefits, there is no "direct action" and 28 U.S.C. § 1332(c)(1) does not apply. *See Herring v. State Farm Mutual Auto. Ins. Co.*, 2005 U.S. Dist. LEXIS 29648, 2005 WL 3071902, No. 05-73556, (E.D. Mich. November 16, 2005) ("The Sixth Circuit clearly rejects applying the 'direct action' provision of § 1332(c)(1) to a 'dispute solely between an insured and [his] own insurance company.'").

Notwithstanding the inapplicability of § 1332(c)(1), Defendant makes another "lack of diversity" argument. Defendant argues that there is an overlap in citizenship between the parties because of its "unincorporated" status. Further, Defendant

4

contends that as an unincorporated association, its citizenship consists of each of its members.  Defendant claims to have many members who are citizens of the state of Michigan, including Plaintiff, and thus, there is no diversity.   Unlike corporations, which are citizens of any state in which they are incorporated and of the state where they have their principal place of business, unincorporated entities carry the citizenship of their members.  *Carden v. Aroma Assoc.*, 494 U.S. 185, 195-96 (1990).  In support of its position, Defendant cites several cases and provides a sworn affidavit from Kathryn Trepinski, the Assistant Secretary of Fire Insurance Exchange.  Ms. Trepinski attests that Defendant sells insurance policies and has policyholders in the State of Michigan.  Def. Ex. D.

In response, Plaintiff contends that Defendant's unincorporated status is of no consequence because Defendant is incorporated in California.  She argues that Defendant's assertion that diversity is defeated because Defendant has policy-holders in Michigan is a "blatant attempt to perpetrate a fraud" upon the Court.

The Court disagrees.  Defendant is a reciprocal or inter-insurance exchange.  As a consequence, Plaintiff and Defendant are both citizens of the State of Michigan.  In *Baer v. United Services Automobile Assoc.*, the defendant was a reciprocal or inter-insurance exchange, both of which are types of unincorporated associations.  503 F.2d 393, 394 (2d Cir. 1974).  The *Baer* Court specifically held that "unincorporated associations have long been considered to be citizens of each and every state in which the association has members."  *Id.* at 395.  It is settled law that when an unincorporated association sues or is sued in federal court, its citizenship for diversity purposes is deemed to be that of each of its members.  *Id.*

5

Such associations are thus not given a fictional citizenship, as are corporations, in the state of their organization or principal place of business, and the rule has been applied with respect to insurance associations or exchanges, as well as with respect to various other kinds of unincorporated associations.  *See Truck Ins. Exchange v. Dow Chemical Co*, 331 F.Supp. 323 (D.C. MO. 1971)(holding that unincorporated associations will not be given fictional citizenship, but rather the citizenship of each member); *Draper, III, Inc. v. Canners Exchange Subscribers, etc.*, 294 F.Supp. 1362 (D.C. Del 1968)(dismissing a complaint against a reciprocal insurance exchange because its members maintained the same citizenship as the Plaintiff);*Gaunt v. Lloyds American of San Antonio*, 11 F Supp 787 (D.C. Tex. 1935); *Arbuthnot v. State Auto. Ins. Asso.*, 264 F.2d 260 (10th Cir. 1959).  Further, the application of the rule has been expressly reaffirmed by the Supreme Court in *United Steelworkers of America v. R. H. Bouligny*, *Inc.*, 382 U.S. 145 (1965).

Thus, well settled precedent exists for defining the citizenship of Defendant by its members.  Defendant provides evidence that it has other insurance subscribers who are citizens of Michigan.  Given this, the Court determines that Plaintiff and Defendant are both citizens of the State of Michigan.  Therefore, this Court is divested of subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, and may not address the merits of Plaintiff's claims.  The Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED**.

  /s/ Victoria A.  Roberts
Victoria A.  Roberts
United States District Judge

Dated:  February 13, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and Plaintiff by electronic means or U.S. Mail on February 13, 2007.

s/Linda Vertriest
Deputy Clerk